ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   LES JANKEY
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

**FILED**

APR - 2 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*EMC*

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11 LES JANKEY, an individual; and          )   **CASE NO. 09        1450**
12 DISABILITY RIGHTS, ENFORCEMENT, )   **Civil Rights**
   EDUCATION, SERVICES:HELPING YOU)
13 HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
   corporation,                           )   **AND DAMAGES:**
14                                         )
           Plaintiffs,                     )   **1st CAUSE OF ACTION:** For Denial of Access
15                                         )   by a Public Accommodation in Violation of the
   v.                                      )   Americans with Disabilities Act of 1990 (42
16                                         )   U.S.C. §12101, *et seq.*)
   SILVER SPUR, DENNIS LEE ADAMS;          )
17 BEBE SUE ADAMS; and GEORGE K.           )   **2nd CAUSE OF ACTION:** For Denial of Full
   SHAMIEH and KATHRYN SHAMIEH             )   and Equal Access in Violation of California
18 CO-TRUSTEES of THE FAMILY TRUST         )   Civil Code §§54, 54.1 and 54.3
   DATED 01/15/1994 ,                      )
19                                         )   **3rd CAUSE OF ACTION:** For Denial of
           Defendants.                     )   Accessible Sanitary Facilities in Violation of
20 _____) California Health & Safety Code §19955, *et seq.*

21                                             **4th CAUSE OF ACTION:** For Denial of
                                               Access to Full and Equal Accommodations,
22                                             Advantages, Facilities, Privileges and/or
                                               Services in Violation of California Civil Code
23                                             §51, *et seq.* (The Unruh Civil Rights Act)

24

25                                             **DEMAND FOR JURY**
26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1 Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3 corporation (hereinafter sometimes referred to as "DREES"), complain of defendants DENNIS

4 LEE ADAMS; BEBE SUE ADAMS; and GEORGE K. SHAMIEH and KATHRYN SHAMIEH

5 CO-TRUSTEES of THE FAMILY TRUST DATED 01/15/1994, and allege as follows:

6 **INTRODUCTION:**

7 1. This is a civil rights action for discrimination against persons with physical

8 disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members,

9 for failure to remove architectural barriers structural in nature at defendants' SILVER SPUR, a

10 place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other

11 similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

12 opportunity to participate in, and benefit from, the goods, facilities, services, and

13 accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the

14 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16 2. Plaintiff LES JANKEY is a person with physical disabilities who, on or about

17 January 30, 2009, February 5, 2009 and February 6, 2009, was an invitee, guest, patron, customer

18 at defendants' SILVER SPUR, in the City of San Francisco, California. At said time and place,

19 defendants failed to provide proper legal access to the bar, which is a "public accommodation"

20 and/or a "public facility" including, but not limited to rear entrance, men's restroom, women's

21 restroom and bar counter. The denial of access was in violation of both federal and California

22 legal requirements, and plaintiff LES JANKEY suffered violation of his civil rights to full and

23 equal access, and was embarrassed and humiliated.

24 **JURISDICTION AND VENUE:**

25 3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.

26 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

27 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

28 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1 California law, whose goals are closely tied with the ADA, including but not limited to violations
2 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
3 *seq.*, including §19959; Title 24 California Building Standards Code.

4     4.     **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
5 founded on the facts that the real property which is the subject of this action is located at/near
6 1914 Irving Street, San Francisco, in the City and County of San Francisco, State of California,
7 and that plaintiffs' causes of action arose in this county.

8 **PARTIES:**

9     5.     Plaintiff LES JANKEY is a "physically handicapped person", a "physically
10 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
11 disabled", "physically handicapped" and "person with physical disabilities" are used
12 interchangeably, as these words have similar or identical common usage and legal meaning, but
13 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
14 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
15 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
16 LES JANKEY is a "person with physical disabilities", as defined by all applicable California and
17 United States laws. Plaintiff has a congenital deformity of both lower extremities. Plaintiff LES
18 JANKEY requires the use of a wheelchair to travel about in public. Consequently, plaintiff LES
19 JANKEY is a member of that portion of the public whose rights are protected by the provisions
20 of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by
21 Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code
22 §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities
23 Act, 42 U.S.C. §12101, *et seq.*

24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1      10.    At all times relevant to this complaint, defendants DENNIS LEE ADAMS; BEBE

2  SUE ADAMS; and GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of

3  THE FAMILY TRUST DATED 01/15/1994 are jointly and severally responsible to identify and

4  remove architectural barriers at the subject SILVER SPUR pursuant to Code of Federal

5  Regulations title 28, section 36.201(b), which states in pertinent part:

6            **§ 36.201     General**

7                 (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
8              accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
9              requirements of this part.  As between the parties, allocation of
responsibility for complying with the obligations of this part may
10            be determined by lease or other contract.

11          28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13      11.    The SILVER SPUR, is a bar, located at/near 1914 Irving Street, San Francisco,

14  California.  The SILVER SPUR, its rear entrance, men's restroom, women's restroom and bar

15  counter, and its other facilities are each a "place of public accommodation or facility" subject to

16  the barrier removal requirements of the Americans with Disabilities Act.  On information and

17  belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

18  additions", each of which has subjected the SILVER SPUR  and each of its facilities, its rear

19  entrance, men's restroom, women's restroom and bar counter to disability access requirements

20  per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

21  California Code of regulations (Title 24).

22      12.    On or about March 29, 2004, defendants' and each of them purchased and/or

23  took possessory control of the premise now know as THE SILVER SPUR.  At all times prior

24  thereto, defendants' and each of their obligations prior to the close of Escrow and/or the

25  recording of deeds were aware that THE SILVER SPUR was not accessible to the disabled.

26  Nevertheless, defendants' and each of them, operated THE SILVER SPUR as though it was

27  accessible.

28  ///

13. At all times stated herein, plaintiff LES JANKEY was a member of DREES.

14. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the SILVER SPUR as being handicapped accessible and handicapped usable.

15. On or about January 30, 2009, February 5, 2009 and February 6, 2009, plaintiff LES JANKEY was an invitee and guest at the subject SILVER SPUR, for purposes of having a drink and socializing.

16. On or about January 30, 2009, February 5, 2009 and February 6, 2009, plaintiff LES JANKEY would have need to use a restroom just as other patrons, but unlike other patrons was unable to use the existing men's restroom.

17. At said times and place, plaintiff LES JANKEY also encountered an excessively rear entrance threshold.

18. At all times stated herein, plaintiff LES JANKEY encountered a bar counter without the requisite lowered counter area.

19. On or about February 23, 2009, plaintiff LES JANKEY wrote the landlord and the tenant about the access issues. Plaintiff LES JANKEY never received a response.

20. Therefore, at said times and place, plaintiff LES JANKEY, a person with a disability, encountered the following inaccessible elements of the subject SILVER SPUR which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of an accessible rear entrance;

    b.    lack of a handicapped-accessible women's public restroom;

    c.    lack of a handicapped-accessible men's public restroom;

    d.    lack of an accessible bar counter; and

    e.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1   21. At all times stated herein, the existence of architectural barriers at defendants'

2 place of public accommodation evidenced "actual notice" of defendants' intent not to comply

3 with the Americans with Disabilities Act of 1990 either then, now or in the future.

4   22. On or about February 23, 2009, defendant(s) were sent two (2) letters by or on

5 behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting a

6 response within 14 days and requesting remedial measures be undertaken within 90 days or an

7 explanation of why the time limit set could not be met and/or extenuating circumstances. Said

8 letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

9 fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in

10 an early and reasonable resolution of the matter.

11   23. At all times stated herein, defendants, and each of them, did not act as reasonable

12 and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

13 removing architectural barriers that would foreseeably prevent plaintiff LES JANKEY from

14 receiving the same goods and services as able bodied people and some of which may and did pose

15 a threat of harm and/or personal injury to people with disabilities.

16   24. As a legal result of defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and

17 GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY TRUST

18 DATED 01/15/1994's failure to act as a reasonable and prudent public accommodation in

19 identifying, removing or creating architectural barriers, policies, practices and procedures that

20 denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as

21 alleged herein.

22   25. As a further legal result of the actions and failure to act of defendants, and as a

23 legal result of the failure to provide proper handicapped-accessible public facilities as set forth

24 herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1 Plaintiff LES JANKEY suffered a loss of his civil rights and his rights as a person with physical
2 disabilities to full and equal access to public facilities, and further suffered urinary symptoms
3 associated with the inability to relieve himself on or about February 5, 2009. Specifically, as a
4 legal result of defendants negligence in the design, construction and maintenance of the existing
5 sanitary facilities, plaintiff LES JANKEY suffered from physical conditions associated with the
6 lack of urinary relief.

7         26.    Further, plaintiff LES JANKEY suffered emotional distress, mental distress,
8 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
9 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
10 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
11 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
12 distress over and above that usually associated with the discrimination and physical injuries
13 claimed, and no expert testimony regarding this usual mental and emotional distress will be
14 presented at trial in support of the claim for damages.

15        27.    Defendants', and each of their, failure to remove the architectural barriers
16 complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public
17 accommodation, and continues to create continuous and repeated exposure to substantially the
18 same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.

19        28.    Plaintiff LES JANKEY and the membership of DREES were denied their rights to
20 equal access to a public facility by defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and
21 GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY TRUST
22 DATED 01/15/1994, because defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and
23 GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY TRUST
24 DATED 01/15/1994 maintained a bar without access for persons with physical disabilities to its
25 facilities, including but not limited to the rear entrance, men's restroom, women's restroom and
26 bar counter, and other public areas as stated herein, and continue to the date of filing this
27 complaint to deny equal access to plaintiffs and other persons with physical disabilities in these
28 and other ways.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    29.    On information and belief, construction alterations carried out by defendants have
2   also triggered access requirements under both California law and the Americans with Disabilities
3   Act of 1990.

4    30.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the SILVER
5   SPUR to be made accessible to meet the requirements of both California law and the Americans
6   with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the bar
7   as a public facility.

8    31.    Plaintiffs seek damages for violation of their civil rights on January 30, 2009,
9   February 5, 2009 and February 6, 2009, and they seek statutory damages of not less than $4,000,
10  pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day
11  after his visit that the trier of fact (court/jury) determines was the date that some or all remedial
12  work should have been completed under the standard that the landlord and tenant had an ongoing
13  duty to identify and remove architectural barriers where it was readily achievable to do so, which
14  deterred plaintiff LES JANKEY from returning to the subject public accommodation because of
15  his knowledge and/or belief that neither some or all architectural barriers had been removed and
16  that said premises remains inaccessible to persons with disabilities whether a wheelchair user or
17  otherwise.

18   32.    On information and belief, defendants have been negligent in their affirmative duty
19  to identify the architectural barriers complained of herein and negligent in the removal of some or
20  all of said barriers.

21   33.    Because of defendants' violations, plaintiffs and other persons with physical
22  disabilities are unable to use public facilities such as those owned and operated by defendants on a
23  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
24  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
25  other accessibility law as plead herein. Plaintiffs seek an order from this court compelling
26  defendants to make the SILVER SPUR accessible to persons with disabilities.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1    34.    On information and belief, defendants have intentionally undertaken to modify and
2 alter existing building(s), and have failed to make them comply with accessibility requirements
3 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
4 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5 and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried
6 out by defendants, and each of them, with a willful and conscious disregard for the rights and
7 safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as
8 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9 defendants, and each of them, to other operators and landlords of other bars, taverns, pubs and
10 other public facilities, and to punish defendants and to carry out the purposes of the Civil Code
11 §§ 51, 51.5 and 54.

12    35.    Plaintiffs are informed and believe and therefore allege that defendants DENNIS
13 LEE ADAMS; BEBE SUE ADAMS; and GEORGE K. SHAMIEH and KATHRYN SHAMIEH
14 CO-TRUSTEES of THE FAMILY TRUST DATED 01/15/1994, and each of them, caused the
15 subject building(s) which constitute the SILVER SPUR to be constructed, altered and maintained
16 in such a manner that persons with physical disabilities were denied full and equal access to,
17 within and throughout said building(s) of the SILVER SPUR and were denied full and equal use
18 of said public facilities. Furthermore, on information and belief, defendants have continued to
19 maintain and operate said bar and/or its building(s) in such conditions up to the present time,
20 despite actual and constructive notice to such defendants that the configuration of the subject bar
21 and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as
22 plaintiff LES JANKEY, the membership of plaintiff DREES and the disability community which
23 DREES serves. Such construction, modification, ownership, operation, maintenance and
24 practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
25 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1       36.    On personal knowledge, information and belief, the basis of defendants' actual and
2 constructive notice that the physical configuration of the facilities including, but not limited to,
3 architectural barriers constituting the SILVER SPUR and/or building(s) was in violation of the
4 civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,
5 communications with invitees and guests, plaintiff LES JANKEY himself, owners of other
6 restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
7 modification, improvement, or substantial repair of the subject premises and other properties
8 owned by these defendants, newspaper articles and trade publications regarding the Americans
9 with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
10 Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'
11 failure, under state and federal law, to make the SILVER SPUR accessible is further evidence of
12 defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with
13 disabilities. Despite being informed of such effect on plaintiff and other persons with physical
14 disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and
15 willfully refused to take any steps to rectify the situation and to provide full and equal access for
16 plaintiffs and other persons with physical disabilities to the SILVER SPUR. Said defendants, and
17 each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and
18 other persons with physical disabilities, up to the date of filing of this complaint, and continuing
19 thereon. Defendants had further actual knowledge of the architectural barriers referred to herein
20 by virtue of the demand letter addressed to the defendants and served concurrently with the
21 summons and complaint. Said conduct, with knowledge of the effect it was and is having on
22 plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious
23 disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the
24 imposition of treble damages per Civil Code §§52 and 54.3.

25       37.    Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the
26 disability community which it serves, consisting of persons with disabilities, would, could and
27 will return to the subject public accommodation when it is made accessible to persons with
28 disabilities.

**I.**     **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY TRUST DATED 01/15/1994, inclusive)
(42 U.S.C. §12101, *et seq.*)

38.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 37 of this complaint.

39.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

40.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

41.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink;

42 U.S.C. §12181(7)(B)

42.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

43.   The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1          (iv)     a failure to remove architectural barriers, and
           communication barriers that are structural in nature, in existing
2          facilities . . . where such removal is readily achievable; and

3          (v)      where an entity can demonstrate that the removal of
           a barrier under clause (iv) is not readily achievable, a failure to
4          make such goods, services, facilities, privileges, advantages or
           accommodations available through alternative methods if such
5          methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10        44.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the

12 SILVER SPUR pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the

13 removal of all the barriers complained of herein together was not "readily achievable," the

14 removal of each individual barrier complained of herein was "readily achievable." On

15 information and belief, defendants' failure to remove said barriers was likewise due to

16 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18        45.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense." The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

22 plaintiffs complain of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1      46.     On information and belief, construction work on, and modifications of, the subject
2   building(s) of the SILVER SPUR occurred after the compliance date for the Americans with
3   Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
4   the ADA.

5      47.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
6   *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
8   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
9   are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
10  returning to or making use of the public facilities complained of herein so long as the premises
11  and defendants' policies bar full and equal use by persons with physical disabilities.

12     48.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13  disability to engage in a futile gesture if such person has actual notice that a person or
14  organization covered by this title does not intend to comply with its provisions." Pursuant to this
15  section, plaintiff LES JANKEY has not returned to defendants' premises since on or about
16  February 6, 2009, but on information and belief, alleges that defendants have continued to violate
17  the law and deny the rights of plaintiffs and of other persons with physical disabilities to access
18  this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
19  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
20  facilities readily accessible to and usable by individuals with disabilities to the extent required by
21  this title."

22     49.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights
23  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
24  the Americans with Disabilities Act of 1990, including but not limited to an order granting
25  injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being
26  deemed to be the prevailing party.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
        **IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
3        (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
4        corporation, and Against Defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and
        GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY
5        TRUST DATED 01/15/1994, inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

6        50.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

7    allegations contained in paragraphs 1 through 49 of this complaint.

8        51.    At all times relevant to this action, California Civil Code §54 has provided that

9    persons with physical disabilities are not to be discriminated against because of physical handicap

10   or disability. This section provides that:

11                    (a) Individuals with disabilities . . . have the same rights as
12        the general public to full and free use of the streets, highways,
        sidewalks, walkways, public buildings, medical facilities, including
13        hospitals, clinics, and physicians' offices, and other public places.

14       52.    California Civil Code §54.1 provides that persons with disabilities shall not be

15   denied full and equal access to places of public accommodation or facilities:

16                    (a)(1) Individuals with disabilities shall be entitled to full
        and equal access, as other members of the general public, to
17        accommodations, advantages, facilities, medical facilities, including
        hospitals, clinics, and physicians' offices, and privileges of all
18        common carriers, airplanes, motor vehicles, railroad trains,
        motorbuses, streetcars, boats, or any other public conveyances or
19        modes of transportation (whether private, public, franchised,
        licensed, contracted, or otherwise provided), telephone facilities,
20        adoption agencies, private schools, hotels, lodging places, places of
        public accommodation, amusement or resort, and other places to
21        which the general public is invited, subject only to the conditions
        and limitations established by law, or state or federal regulation, and
22        applicable alike to all persons.

23                    Civil Code §54.1(a)(1)

24   ///

25   ///

26   ///

27   ///

28   ///

1    53.    California Civil Code §54.1 further provides that a violation of the Americans with

2 Disabilities Act of 1990 constitutes a violation of section 54.1:

3                    (d) A violation of the right of an individual under the
         Americans with Disabilities Act of 1990 (Public Law 101-336) also
4        constitutes a violation of this section, and nothing in this section
         shall be construed to limit the access of any person in violation of
5        that act.

6        Civil Code §54.1(d)

7    54.    Plaintiff LES JANKEY and the membership of plaintiff DREES are persons within

8 the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the

9 defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific

10 architectural barrier which defendants knowingly and willfully fail and refuse to remove

11 constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and

12 continue to be denied full and equal access to defendants' SILVER SPUR. As a legal result,

13 plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance

14 with California Civil Code §54.3(a) for each day on which they visited or have been deterred from

15 visiting the SILVER SPUR because of their knowledge and belief that the SILVER SPUR is

16 inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

17                   Any person or persons, firm or corporation, who denies or interferes
         with admittance to or enjoyment of the public facilities as specified
18       in Sections 54 and 54.1 or otherwise interferes with the rights of an
         individual with a disability under Sections 54, 54.1 and 54.2 is
19       liable for each offense for the actual damages and any amount as
         may be determined by a jury, or the court sitting without a jury, up
20       to a maximum of three times the amount of actual damages but in
         no case less than . . .one thousand dollars ($1,000) and . . .
21       attorney's fees as may be determined by the court in addition
         thereto, suffered by any person denied any of the rights provided in
22       Sections 54, 54.1 and 54.2.

23       Civil Code §54.3(a)

24    55.    On or about January 30, 2009, February 5, 2009 and February 6, 2009, plaintiff

25 LES JANKEY suffered violations of Civil Code §§54 and 54.1 in that plaintiff LES JANKEY

26 was denied access to rear entrance, men's restroom, women's restroom, bar counter and other

27 public facilities as stated herein at the SILVER SPUR and on the basis that plaintiff LES

28 JANKEY was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

56.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff LES JANKEY suffered urinary relief symptoms on or about February 5, 2009.  Specifically, as a legal result of defendants negligence in the  design, construction and maintenance of the existing sanitary facilities, plaintiff LES JANKEY suffered physical symptom associated with the inability to use a sanitary facility.

57.     Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

58.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about January 30, 2009, February 5, 2009 and February 6, 2009, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

59.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

///

1 | Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

2 | plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

3 | the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

4 | party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

5 | Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

6 | **III.** **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
**FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
7 | (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
8 | corporation and Against Defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and
GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY
9 | TRUST DATED 01/15/1994, inclusive)
(Health & Safety Code §19955, *et seq.*)

10 |

11 | 60. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

12 | allegations contained in paragraphs 1 through 59 of this complaint.

13 | 61. Health & Safety Code §19955 provides in pertinent part:

14 | The purpose of this part is to insure that public accommodations or
facilities constructed in this state with private funds adhere to the
15 | provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
of Title 1 of the Government Code. For the purposes of this part
16 | "public accommodation or facilities" means a building, structure,
facility, complex, or improved area which is used by the general
17 | public and shall include auditoriums, hospitals, theaters, restaurants,
hotels, motels, stadiums, and convention centers. When sanitary
18 | facilities are made available for the public, clients or employees in
such accommodations or facilities, they shall be made available for
19 | the handicapped.

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

62.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the SILVER SPUR and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the SILVER SPUR and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said bar and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

63.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the subject bar and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

64.     Bars such as the SILVER SPUR are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

///

///

///

///

1    65.    As a result of the actions and failure to act of defendants, and as a result of the
2 failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
3 denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
4 civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
5 public facilities.

6    66.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
7 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
8 plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
9 physical disabilities and prohibiting discrimination against the persons with physical disabilities,
10 and to take such action both in plaintiffs' own interests and in order to enforce an important right
11 affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
12 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
13 §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953
14 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and
15 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
16 Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

17    67.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of
18 them, to make the subject place of public accommodation readily accessible to and usable by
19 persons with disabilities.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
          EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
3        AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
          SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4    (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
5    corporation, and Against Defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and
     GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY
6    TRUST DATED 01/15/1994, inclusive)
     (Civil Code §51, 51.5)

7
          68.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
8
     allegations contained in paragraphs 1 through 67 of this complaint.
9
          69.    Defendants' actions and omissions and failure to act as a reasonable and prudent
10
     public accommodation in identifying, removing and/or creating architectural barriers, policies,
11
     practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The
12
     Unruh Act provides:
13
                    This section shall be known, and may be cited, as the Unruh
14               Civil Rights Act.

15                    All persons within the jurisdiction of this state are free and
                 equal, and no matter what their sex, race, color, religion, ancestry,
16               national origin, or **disability** are entitled to the full and equal
                 accommodations, advantages, facilities, privileges, or services in all
17               business establishments of every kind whatsoever.

18                    This section shall not be construed to confer any right or
                 privilege on a person that is conditioned or limited by law or that is
19               applicable alike to persons of every sex, color, race, religion,
                 ancestry, national origin, or **disability.**
20
                      Nothing in this section shall be construed to require any
21               construction, alteration, repair, structural or otherwise, or
                 modification of any sort whatsoever, beyond that construction,
22               alteration, repair, or modification that is otherwise required by other
                 provisions of law, to any new or existing establishment, facility,
23               building, improvement, or any other structure . . . nor shall anything
                 in this section be construed to augment, restrict, or alter in any way
24               the authority of the State Architect to require construction,
                 alteration, repair, or modifications that the State Architect otherwise
25               possesses pursuant to other . . . laws.

26                    A violation of the right of any individual under the
                 Americans with Disabilities Act of 1990 (Public Law 101-336) shall
27               also constitute a violation of this section.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2   "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5   defendants, and each of them.

6       70.    The acts and omissions of defendants stated herein are discriminatory in nature and

7   in violation of Civil Code §51.5:

8                   No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
9   or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
10  the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
11  suppliers, or customers.

12                  As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
13  limited liability company, or company.

14                  Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
15  modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
16  provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
17  in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
18  alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

19

    71.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal
20
accommodations, advantages, facilities, privileges and services in a business establishment, on the
21
basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
22
Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
23
right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
24
shall also constitute a violation of this section." Plaintiffs accordingly incorporate the entirety of
25
their above cause of action for violation of the Americans with Disabilities Act at §38, *et seq*., as
26
if repled herein.
27
///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1       72.      As a legal result of the violation of plaintiff LES JANKEY's civil rights as

2 hereinabove described, plaintiff LES JANKEY has suffered general damages and urinary

3 symptoms on or about February 5, 2009. Specifically, as a legal result of defendants negligence in

4 the design, construction and maintenance of the existing sanitary facilities plaintiff suffered

5 urinary symptoms while attempting to use a sanitary facility.

6       73.      Further, plaintiff LES JANKEY suffered physical distress and emotional distress

7 (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

8 Plaintiffs LES JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil

9 Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special

10 and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute,

11 according to proof if deemed to be the prevailing party.

12 **PRAYER:**

13       Plaintiffs pray that this court award damages and provide relief as follows:

14 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
15 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
     (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
16 EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
     corporation, and Against Defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and
17 GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY
     TRUST DATED 01/15/1994, inclusive)
18 (42 U.S.C. §12101, *et seq.*)

19       1.      For injunctive relief, compelling defendants DENNIS LEE ADAMS; BEBE SUE

20 ADAMS; and GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE

21 FAMILY TRUST DATED 01/15/1994, inclusive, to make the SILVER SPUR, located at

22 1914 Irving Street, San Francisco, California, readily accessible to and usable by individuals with

23 disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

24 practice, eligibility criteria and procedures so as to afford full access to the goods, services,

25 facilities, privileges, advantages and accommodations being offered.

26       2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

27 the prevailing party; and

28       3.      For such other and further relief as the court may deem proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1  **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
2        **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
        **AND 54.3,** *ET SEQ.*
        (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
3        EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
        corporation, and Against Defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and
4        GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY
        TRUST DATED 01/15/1994, inclusive)
5        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

6        1.    For injunctive relief, compelling defendants DENNIS LEE ADAMS; BEBE SUE

7  ADAMS; and GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE

8  FAMILY TRUST DATED 01/15/1994, inclusive, to make the SILVER SPUR, located at

9  1914 Irving Street, San Francisco, California, readily accessible to and usable by individuals with

10  disabilities, per state law.

11        2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

12  each occasion on which plaintiffs were deterred from returning to the subject public

13  accommodation.

14        3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

15  if plaintiffs are deemed the prevailing party;

16        4.    Treble damages pursuant to Civil Code §54.3;

17        5.    General damages according to proof;

18        6.    For all costs of suit;

19        7.    Prejudgment interest pursuant to Civil Code §3291; and

20        8.    Such other and further relief as the court may deem just and proper.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1 **III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
2 **§19955, *ET. SEQ.***
   (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
3 EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and
4 GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY TRUST DATED 01/15/1994, inclusive)
5 (Health & Safety code §19955, *et seq.*)

6    1.    For injunctive relief, compelling defendants DENNIS LEE ADAMS; BEBE SUE

7 ADAMS; and GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE

8 FAMILY TRUST DATED 01/15/1994, inclusive, to make the SILVER SPUR, located at

9 1914 Irving Street, San Francisco, California, readily accessible to and usable by individuals with

10 disabilities, per state law.

11    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

12 alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

13    3.    For all costs of suit;

14    4.    For prejudgment interest pursuant to Civil Code §3291;

15    5.    Such other and further relief as the court may deem just and proper.

16 **IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
17 **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
18 (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
19 corporation and Against Defendants DENNIS LEE ADAMS; BEBE SUE ADAMS; and GEORGE K. SHAMIEH and KATHRYN SHAMIEH CO-TRUSTEES of THE FAMILY
20 TRUST DATED 01/15/1994, inclusive)
   (California Civil Code §§51, 51.5, *et seq.*)
21
    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and
22
for each occasion on which plaintiffs were deterred from returning to the subject public
23
accommodation;
24
    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the
25
prevailing party;
26
    3.    General damages according to proof;
27
///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

1    4.    Treble damages pursuant to Civil Code §52(a);

2    5.    For all costs of suit;

3    6.    Prejudgment interest pursuant to Civil Code §3291; and

4    7.    Such other and further relief as the court may deem just and proper.

5

6    Dated: _____, 2009        THOMAS E. FRANKOVICH,
7                                      *A PROFESSIONAL LAW CORPORATION*

8

9                                      By: _____

10                                     THOMAS E. FRANKOVICH
                                       Attorneys for Plaintiffs LES JANKEY and DISABILITY
11                                     RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
                                       HELPING YOU HELP OTHERS, a California public
12                                     benefit corporation

13

14

15

16                        **DEMAND FOR JURY TRIAL**

17    Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

18    Dated: _____, 2009        THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*
19

20                                     By: _____

21                                     THOMAS E. FRANKOVICH
                                       Attorneys for Plaintiffs LES JANKEY and DISABILITY
22                                     RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
                                       HELPING YOU HELP OTHERS, a California public
23                                     benefit corporation

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

Exhibit A

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

February 23, 2009

Manager
Silver Spur
1914 Irving Street
San Francisco, CA 94122

Dear Manager of Silver Spur:

Recently *(or some time ago)*, I visited the Silver Spur. As I use a wheelchair, I had problems with not being able to use a restroom. There has to be a way to make one of the restrooms accessible. Maybe moving doors to make more room could be looked into.

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Silver once it's accessible to me. I may still come back before you do the work just because I like the place. It's funky in its own way. If there is some problem doing this please let me know. I'm having my friend Craig Yates send you my letter. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

February 23, 2009

Owner of the Building
Silver Spur
1914 Irving Street
San Francisco, CA 94122

Dear Owner of Building for Silver Spur:

Recently *(or some time ago),* I visited the Silver Spur. As I use a wheelchair, I had problems with not being able to use a restroom. There has to be a way to make one of the restrooms accessible. Maybe moving doors to make more room could be looked into.

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Silver once it's accessible to me. I may still come back before you do the work just because I like the place. It's funky in its own way. If there is some problem doing this please let me know. I'm having my friend Craig Yates send you my letter. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey